[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16250
Non-Argument Calendar
_____

D.C. Docket No. 5:04-cr-00022-CAR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLEVELAND WEBSTER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 13, 2013)

Before MARCUS, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Cleveland Webster appeals pro se the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction.  After pleading guilty in 2004 to distributing crack cocaine, Webster was sentenced as a career offender to 188 months' imprisonment.  On appeal, Webster argues that he is entitled to a sentence reduction pursuant to *Dorsey v. United States*, 567 U.S. ___, ___, 132 S. Ct. 2321, 2335–36 (2012), the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111–220, 124 Stat. 2372 (2010), and Amendment 750 to the Sentencing Guidelines, U.S.S.G. App. C, Amend. 750.[1]

We review de novo the district court's legal conclusions concerning the scope of its authority under § 3582(c)(2).  *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008).  The FSA, which became effective on August 3, 2010, "lowered the statutory mandatory minimum penalties for crack cocaine offenses." *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012) (per curiam).  The FSA, however, is not a guideline amendment by the Sentencing Commission, and cannot serve as a basis for a § 3582(c)(2) sentence reduction.  *Id*.  The FSA does not apply retroactively to sentences imposed prior to its enactment date.  *Id.* at 377–78 (rejecting argument that, under *Dorsey*, the FSA's lower mandatory minimums applied to defendants sentenced before the FSA's enactment).  Amendment 750

---

[1] Although Webster also challenges his career offender status, that determination was made at the original sentencing.  Because a § 3582 proceeding is not a de novo resentencing, we do not have jurisdiction to revisit it.  *See United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) (per curiam); *United States v. Bravo*, 203 F.3d 778, 781–82 (11th Cir. 2000).

2

revised the crack cocaine quantity tables to conform to the FSA. *See* U.S.S.G. App. C, Amend. 750. It was made retroactive by Amendment 759, effective November 1, 2011. *See id.*, Amend. 759.

A reduction under § 3582(c)(2) is not authorized where the applicable amendment "does not have the effect of lowering the defendant's applicable guideline range *because of the operation of another guideline*." *Moore*, 541 F.3d at 1327–28 (emphasis in original) (internal quotation marks omitted). This includes situations in which the defendant's applicable guideline range is calculated through the application of the career offender guideline. *Id*. at 1328. *Moore* remains binding precedent in this Circuit. *United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir.) (per curiam), *cert. denied*, 133 S. Ct. 568 (2012). Therefore, a defendant who was convicted of a crack cocaine offense but sentenced as a career offender remains ineligible for a § 3582(c)(2) reduction under Amendment 750. *Id.*

Here, the district court sentenced Webster for his crack cocaine offense as a career offender. Webster was sentenced in 2005, long before the FSA's 2010 enactment date. His argument that he is entitled to the lower mandatory minimums based on *Dorsey* is foreclosed. *See Berry*, 701 F.3d at 377. Likewise, Webster's argument that he is entitled to a § 3582 reduction, despite his status as a career

3

offender, is foreclosed by our decision in *Lawson*.  686 F.3d at 1321.  Accordingly,

a sentence reduction is not authorized under § 3582(c)(2).

   **AFFIRMED.**